IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-25 |
| SCOTT MASON | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

    The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Jessica Rice, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

    1.  On January 17, 2025, Scott Mason, was charged by Information with violating 18 U.S.C. § 1343, wire fraud (Counts One and Two); 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240-10b-5, securities fraud (Count Three), 15 U.S.C. §§ 80b-6 and 80b-17, investment advisor fraud (Count Four), and 26 U.S.C. § 7206(1), filing false income tax returns (Counts Five through Nine).

    2.  The Information also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), as a result of his violations of 18 U.S.C. § 1343, and 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240-10b-5 (Counts One through Three).  The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. On January 28, 2025, the defendant pleaded guilty to Counts One through Nine of the Information.

4. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), to forfeit criminally any property, which constitutes or is derived from proceeds traceable to "specified unlawful activity," that is wire fraud, and/or securities fraud, as the result of the violations charged in Counts One through Three of the Information.

5. Based upon the facts set forth at the defendant's plea hearing, as well as those set forth in the Government's Guilty Plea Memorandum, and in the record as a whole, the government avers that the sum of $18,979,706.99 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Counts One through Three of the Information, and that the government has established the requisite nexus between such property and the offenses.  This amount represents the value of proceeds that the defendant obtained as a result of his commission of the violations of wire fraud, in violation of 18 U.S.C. § 1343, and securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240-10b-5, as charged in Counts One through Three of the Information. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P.

32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

6. The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $18,979,706.99.

7. Due to the defendant's acts or omissions, some of the $18,979,706.99 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met. Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the government's Guilty Plea Memorandum and in the record as a whole, the defendant has dissipated or otherwise spent the proceeds, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value. Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $18,979,706.99.

8. Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the Government's Guilty Plea Memorandum and in the record as a whole, the government avers, and the defendant agrees, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Three of the Information, and that the government has established the requisite nexus between such property and such offenses:

    a. **the sum of $1,286,929.86—paid collectively by Nauti Point Golf Partners LLC, which operates a business from 501 Broadway, Barnegat Light, New Jersey 08006, and Barnegat Light Partners,**

> **LLC, which owns real estate located at 501 Broadway, Barnegat Light, New Jersey 08006, or their members—in lieu of the defendant's interests in both Nauti Point Golf Partners LLC and Barnegat Light Partners, LLC;**

as property constituting or derived from proceeds obtained as a result of the offenses alleged in Counts One through Three.

9. Further, due to the defendant's acts or omissions with respect to the proceeds obtained as a result of the offenses alleged in Counts One through Three of the Information, a significant portion of the defendant's forfeiture money judgment amount of $18,979,706.99 will remain outstanding. The government therefore avers, and the defendant agrees, one of more of the conditions of 21 U.S.C. § 853(p) have been met, and that the following assets are subject to forfeiture as substitute assets:

> a. **the sum of $1,887,949.02, representing the net proceeds from the sale of the real property located at 47 Harbor Lane, Beach Haven, New Jersey 08008;**
>
> b. **$101,350.99 in United States Currency;[1] and**
>
> c. **the defendant's Series A-1 and Series A-2 interest in NewSpring Holdings.**

The assets listed in Paragraphs 8 and 9 are hereinafter collectively referred to as the "Subject Property."

---

[1] The total funds representing these first two assets are held in an escrow account in the name of Duane Morris LLP, established for the purpose of partially satisfying the defendant's forfeiture obligations in this case.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay." Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

11. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

12. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

13. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

14. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 8 and 9 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

15. The government and counsel for the defendant have discussed this motion, and counsel for the defendant has indicated that they do not oppose the entry of the proposed Preliminary Order of Forfeiture.

For the reasons stated above, the government requests that this Court enter the attached Order.

    Respectfully submitted,

    DAVID METCALF
    United States Attorney


    */s/ Jessica W. Rice*
    JESSICA W. RICE
    Assistant United States Attorney

Date:  March 17, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 25-25 |
| **SCOTT MASON** | : | |

### ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Scott Mason's guilty plea as to Counts One through Three of the Information, charging him with wire fraud, in violation of 18 U.S.C. § 1343 (Counts One and Two), and securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Count Three), the defendant is required to forfeit criminally any property, real or personal, which constitutes or is derived from proceeds of any "specific unlawful activity," that is wire fraud and/or securities fraud, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable to 28 U.S.C. § 2461(c).

2. All property, real or personal, that constitutes or is derived from processable traceable to the defendant's violation of 18 U.S.C. § 1343 and/or 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5  is forfeited to the United States.

3. The sum of $18,979,706.99 represents the value of property which constitutes or is derived from proceeds the defendant obtained as a result of the offenses charged in Counts One through Three of the Information.

4. The defendant shall forfeit to the United States $18,979,706.99 in proceeds that he obtained as a result of his violations of 18 U.S.C. § 1343 and/or 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, as charged in Counts One through Three of the

Information, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

5. A money judgment in the amount of $18,979,706.99 is hereby entered against the defendant.

6. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, some of these proceeds are not currently available because the defendant has dissipated or otherwise spent some of the proceeds that he obtained, the United States cannot locate the proceeds upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

7. The Court has determined, based on the facts set forth in the record as a whole, that the following specific property is also subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Three of the Information, that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

    a. **the sum of $1,286,929.86—paid collectively by Nauti Point Golf Partners LLC, which operates a business from 501 Broadway, Barnegat Light, New Jersey 08006, and Barnegat Light Partners, LLC, which owns real estate located at 501 Broadway, Barnegat Light, New Jersey 08006, or their members—in lieu of the defendant's**

- 2 -

      **interests in both Nauti Point Golf Partners LLC and Barnegat Light Partners, LLC;**

  **b.**  **the sum of $1,887,949.02, representing the net proceeds from the sale of the real property located at 47 Harbor Lane, Beach Haven, New Jersey 08008;**

  **c.**  **$101,350.99 in United States Currency; and**

  **d.**  **the defendant's Series A-1 and Series A-2 interest in NewSpring Holdings.**

as property constituting or derived from proceeds obtained as a result of the offenses alleged in Counts One through Three, and/or as substitute assets in partial satisfaction of the forfeiture money judgment (hereinafter referred to as the "Subject Property"), all pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

  8.  Upon entry of a final order of forfeiture of the Subject Property, the net proceeds from the sale of the Subject Property shall be applied against the $18,979,706.99 money judgment.

  9.  The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

  10.  Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment.  See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

  11.  Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize

- 3 -

any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

12. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

13. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

14. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their

attorney, if they are represented, as a substitute for published notice as to those persons so notified.

15. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

16. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

17. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

18. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

19. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of _____, 2025.

_____
**HONORABLE TIMOTHY J. SAVAGE**
**United States District Court Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Unopposed Motion for Judgment and Preliminary Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

Michael J. Rinaldi
Mary P. Hansen
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
mjrinaldi@duanemorris.com
mphansen@duanemorris.com
Counsel for the Defendant

/s/ Jessica W. Rice
JESSICA W. RICE
Assistant United States Attorney

Date: March 17, 2025