# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SCOTT MASON** | : | **NO. 25-25** |

## PRELIMINARY ORDER OF FORFEITURE

**NOW**, this 16th day of April, 2025, upon consideration of the Government's Motion for Judgment and Preliminary Order of Forfeiture (Doc. No. 16), and the defendant having pleaded guilty, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. As a result of defendant's guilty plea, the defendant is required to forfeit criminally his interest in any property that constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's commission of the offenses to which he has pled guilty.

2. All property that constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's commission of the offenses to which he has pled guilty, is forfeited to the United States.

3. The sum of **$18,979,706.99** represents the value of property that constitutes, or is derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's commission of the offenses to which he has pled guilty.

4. The defendant shall forfeit to the United States the **$18,979,706.99** in proceeds that he obtained as a result of his commission of the offenses to which he has

pled guilty, pursuant to 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2(b)(2).

5. A money judgment in the amount of **$18,979,706.99** is entered against the defendant.

6. Because the defendant has dissipated or otherwise spent the proceeds he obtained and the United States cannot locate the proceeds upon the exercise of due diligence, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment, pursuant to 21 U.S.C. § 853(p).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), the government may move at any time to amend this Order to forfeit property belonging to the defendant having a value up to the amount of the uncollected money judgment.

8. The following property is subject to forfeiture as a result of the defendant having pleaded guilty of illegal acts alleged in the Information and the government has established the requisite nexus between the property and the offenses:

a. **the sum of $1,286,929.86 paid collectively by Nauti Point Golf Partners LLC, which operates a business from 501 Broadway, Barnegat Light, New Jersey 08006, and Barnegat Light Partners, LLC, which owns real estate located at 501 Broadway, Barnegat Light, New Jersey 08006, for the defendant's interests in both Nauti Point Golf Partners LLC and Barnegat Light Partners, LLC;**

b. **the sum of $1,887,949.02, representing the net proceeds from the sale of the real property located at 47 Harbor Lane, Beach Haven, New Jersey 08008;**

   c. **$101,350.99 in United States Currency; and**

   d. **the defendant's Series A-1 and Series A-2 interests in NewSpring Holdings.**

  9. Upon entry of a final order of forfeiture of the subject property, the net proceeds from the sale of the subject property shall be applied against the $18,979,706.99 money judgment.

  10. Pursuant to 21 U.S.C. § 853(n)(1), incorporating 28 U.S.C. § 2461(c), the United States Government shall publish, on an official internet government forfeiture site for 30 consecutive days, notice of this Preliminary Order of Forfeiture. The notice shall state that:

   a. the government intends to dispose of the property in any manner the Attorney General directs;

   b. any person having or claiming a legal interest in the property to be forfeited may request a hearing to determine the validity of the claimant's alleged interest in the property by filing a claim petition with the Clerk of Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier;

   c. the claim petition must be signed by the claimant under penalty of perjury, and shall set forth the nature and extent of the claimant's right, title or interest in the forfeited property, the time and circumstances of the claimant's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim, and the relief sought;

    d. service of a copy of any petition, or any other pleadings filed, must be made upon the United States Attorney for the Eastern District of Pennsylvania, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106-4476.

  11. The United States shall notify, in writing, any person known to have alleged an interest in the property, and to his or her attorney.

  12. Any person asserting a legal interest in the property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing to determine the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), incorporating 28 U.S.C. § 2461(c).

  13. Pursuant to Fed R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is final as to the defendant at sentencing and is part of the sentence and shall be included in the judgment.

  14. The Court shall retain jurisdiction to enforce and to amend this Order.

                /s/ Timothy J. Savage
                TIMOTHY J. SAVAGE, J.