# Exhibit Y

Christopher J. Walsh

White Plains, N.Y 10605

May 14, 2025

Hon. Timothy J. Savage, U.S.D.J.
U.S. District Court
Eastern District of Pennsylvania
James A. Bryne U.S. Courthouse
601 Market Street
Philadelphia, PA. 19106

   Re: U.S. v. Scott Mason
   Case No.: 2:25CR00025-001

Honorable Sir:

  I write to you this day on behalf of my friend, Scott Mason. I first met Scott in the fall of 1977 during freshman year at college. Three years later, we and four other young men made a decision to live together our senior year, off campus under one roof. Over the next 44 years, the five of us remained in close contact with one another while living on the east coast; we have attended each other's weddings, and have supported one another in good time and in times of bereavement.

  I am mindful of the guilty plea Scott recently entered into before this Court and acknowledge that for his past conduct, he will be incapacitated for what will be a considerable period of time under the circumstances. As Your Honor reflects upon several factors in determining the appropriate sentence, I offer the following anecdote in an effort to portray the Scott that I knew Following graduation from college in 1981, Scott drove to up to White Plains, N.Y. to pick me up to travel to Connecticut to clean the windows of the residents' rooms at a nursing home. A family member had an ownership interest in the nursing home and two recent college graduates short on funds and still pondering their futures, were more than happy to take the opportunity to earn some money. I had no prior experience in visiting family members at nursing homes as in my own large extended family, we were fortunate enough to have avoided such a decision in placing a family member in a nursing home. I cannot recall how many residents' windows we cleaned that day as that detail is insignificant as what resonated with me then and now, is that upon entering each room, Scott took the time to speak with and listen to each resident; he asked about their photographs, their family members, how their day was unfolding and in general, revealed his humility and humanity. Despite the fact that I had just spent the past 10 months with Scott, living together, cooking meals together, thinking about when the next college party

was, I had never seen this side of him, and I came away from the experience with a new-found admiration for him.

I am also aware on a more local level, Scott has shared his love and knowledge of ice hockey as a coach with youth hockey programs for a number of years as his own children played the sport.

Since first learning of the scope and breadth of the allegations against Scott, I knew that this day was coming and that there would be a reckoning. Yet, I cannot forsake him and firmly believe that he will remember the young man who frequented that Connecticut nursing home long ago and use the inspiration in that man to further his rehabilitation.

In our recent conversations, I can tell Your Honor, that Scott fully concedes and appreciates the anguish and pain his past conduct has wrought. Regardless of where Scott spends the next part of his life, I will remind him of the need to persevere so as to become a contributing member of society upon his release.

I thank the Court for its attention to this matter. If there is a need to answer any inquiries I can be reached at 914.329.8583 or via email: cwalsh@djr-law.com

Respectfully submitted,

Christopher J. Walsh